UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CLAUDE B. OAKLEY,
ADC #108541                                                                                          PLAINTIFF

V.                                     5:16CV00051 BRW/JTR

ARKANSAS DEPARTMENT OF
COMMUNITY CORRECTION; and
ARKANSAS DEPARTMENT OF CORRECTION                             DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I.  Introduction

Plaintiff, Claude B. Oakley, is a prisoner in the Arkansas Department of Correction ("ADC"). He has filed this *pro se* § 1983 action alleging that Defendants

-1-

violated his constitutional rights. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[1]

## II. Discussion

Plaintiff alleges that, on January 5, 2015, the ADC and the Arkansas Department of Community Corrections violated his constitutional rights by wrongfully revoking his parole. *Doc. 3.* By way of relief, he seeks his immediate release from custody, as well as monetary damages. *Id.*

Plaintiff has failed to plead a viable § 1983 claim for two reasons. First, it is well settled that the state and its agencies, such as the ADC and the Arkansas Department of Community Corrections, are not "persons" amenable to suit under § 1983 for damages or injunctive relief. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Brown v. Mo. Dept. of Corrs.,* 353 F.3d 1038, 1041 (8th Cir. 2004); *Glick v. Henderson*, 855 F.2d 536, 540 (8th Cir. 1988).

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

Second, Plaintiff's challenge to the validity of his parole revocation can only be brought in a federal § 2254 habeas action *after* he exhausts all available remedies in state court. *Muhammad v. Close*, 540 U.S. 749, 750 (2004); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v. Humphrey,* 512 U.S. 477, 487 (1994); *Newmy v. Johnson,* 758 F.3d 1008, 1010-12 (8th Cir. 2014). Plaintiff can proceed with a § 1983 action for damages only if he is successful in having his parole revocation reversed by the highest state court or a federal habeas court. *Id.*

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. This case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2. Dismissal constitute a "STRIKE," as defined by 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 8th day of March, 2016.

_____
UNITED STATES MAGISTRATE JUDGE